LETTS, Judge,
dissenting.
I dissent, not out of sympathy for the havoc this decision will play with the title insurance industry, but because the majority’s construction of the policy language leads to an erroneous result.
The policy of mortgagee title insurance in this case was written to insure that the lender’s mortgage was a first lien on the property. Many years after that mortgage policy was issued,' and at all events subsequent to any update endorsements thereof, an agreement of purchase and sale was placed of record. The sale never took place and the purchaser lost his bid for specific performance in a separate lawsuit. Not surprisingly, when the original lender foreclosed the mortgage, which thereafter fell into default, it named that unsuccessful purchaser because the recorded agreement was still of record. It is doubtful if the lender had to do so in view of the outcome of the separate suit for specific performance, but out of an abundance of caution it did.
The duty to defend clause in the policy, on which the majority heavily depends, concludes that that duty is limited to defects, liens, encumbrances or other matters “insured against by this policy” (emphasis supplied). Quite simply, it is my view that the controversy here was not insured against by this policy because the unsuccessful purchaser who has interposed this general denial acquired whatever interest he had long after the policy was written and his affirmative defenses and his counterclaims are plainly not directed to the validity of the original mortgage or any lien or defect superior to it.[1]
I could waffle on for pages on this subject, but dissents are but breast beating and I have said enough. At a minimum this decision should be certified, for it surely involves a matter of great public importance. As I see it, the law of the Fourth District, as of today, will require title insurance companies to pay the costs and fees of foreclosing mortgages every time any junior lien holder, who acquires his interest years after the policy is issued, files a general denial when named in a foreclosure suit.

. In fact, after his "denied except as to existence of public records," the unsuccessful purchaser admits his only claim of interest is that set forth in his counterclaim.